BROWN *v.* BROWN *et al.*

*Lumpkin, J.*—There was no error in dismissing on demurrer the plaintiff's petition, it appearing from its allegations that the matters therein set forth were adjudicated against him by a final judgment of the superior court, which was affirmed by this court in consequence of his voluntarily withdrawing a writ of error sued out for the purpose of reviewing the action of the trial court in overruling a motion for a new trial in the case in which such judgment was rendered, and it not appearing that this motion was well founded or that the plaintiff in the present action might not, by the exercise of proper diligence, have obtained in the Supreme Court a hearing of his case upon its merits.                                    *Judgment affirmed.*

August 18, 1896.

Equitable petition. Before Judge Kimsey. Towns superior court. September term, 1895.

The petition of J. J. Brown against Harmon Brown *et al.* was dismissed on demurrer. It alleges, that plaintiff is the owner and in actual possession of 100 acres of land given to him by his father, Harmon Brown, in 1873; that he immediately went into possession of the same, and has remained in possession to the present time (July, 1895), using and cultivating the land as a farm; that relying on said gift in good faith he has gone on from year to year placing thereon valuable improvements at a cost of $1,000 or more; that Harmon Brown is now about eighty years of age, an imbecile, and insolvent; that the other defendants, brothers of plaintiff and sons of Harmon Brown, wrongfully and maliciously induced Harmon Brown to sue plaintiff in ejectment for the recovery of the land, which cause was tried and a verdict rendered against plaintiff; that he at once and in due time moved for a new trial, which was denied; whereupon he carried the case to the Supreme Court. At the time said cause was tried, one Ledford, attorney at law, was acting as deputy-clerk of the superior court, and was also one of the attorneys of Harmon Brown

in said ejectment cause. Ledford had the entire management of the business pertaining to the office of clerk of said court. Plaintiff is informed and believes, that in transmitting said case to the Supreme Court, in dereliction of duty he only sent up to said court the original bill of exceptions, refusing and neglecting to send up the motion for new trial, and sending as a transcript of the record the original petition, original pleas, and original brief of testimony; whereupon plaintiff was forced to withdraw said case from the Supreme Court and pay the cost there. Said failure on the part of said deputy-clerk was brought about by the collusion of said brothers of plaintiff, to injure and damage him and to force him to withdraw said case from the Supreme Court. All of said parties are insolvent and unable to respond to plaintiff in an action for damages. He is informed and believes, that prior to the term of court at which the ejectment case was tried and the verdict rendered against him, his said brothers procured a list of the traverse jury drawn to serve at said term, and by themselves and through friends had them interviewed as to what their feelings were toward plaintiff and his interest and right in said case, and in various and improper ways influenced and prejudiced said jury against plaintiff, all of which rendered the verdict void and not binding. He prays, that the same be declared void; that he recover of Harmon Brown $1,000 for the improvements placed on the land, and be decreed a special lien on the same for that amount; that defendants be enjoined from enforcing said verdict; and that the same be set aside, and general relief be granted to plaintiff.

*W. E. Candler* and *W. T. Crane*, for plaintiff.

*W. F. Findley, J. H. Davis* and *S. M. Ledford*, for defendants.